Adrienne L. Conrad (SBN 318776)
James E. Pilley (SBN 277269)
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, CA  92101
Telephone:  (619) 573-4900
Facsimile:  (619) 573-4901
Adrienne.Conrad@jacksonlewis.com
James.Pilley@jacksonlewis.com

Attorneys for Defendants
THERMO FISHER SCIENTIFIC INC. AND
THERMO ELECTRON NORTH AMERICA LLC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DYKSTRA, an individual<br><br>Plaintiff,<br><br>v.<br><br>THERMO FISHER SCIENTIFIC INC.; THERMO ELECTRON NORTH AMERICA LLC; and DOES 1 through 10. Inclusive,<br><br>Defendants. | Case No.: **'24 CV 2335 H    DEB**<br><br>**DEFENDANTS THERMO FISHER SCIENTIFIC, INC. AND THERMO ELECTRON NORTH AMERICA LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA OF CALIFORNIA PURSUANT TO 28 U.S.C §§ 1332 AND 1441 (DIVERSITY)**<br><br>*[Filed concurrently with Declarations of Adrienne L. Conrad, and Julia L. Chen, and Exhibits Thereto; Civil Cover Sheet; and Notice of Filing of Removal in State Court]*<br><br>Complaint filed:     November 05, 2024<br>Case Removed:       December 13, 2024 |

1

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA OF CALIFORNIA PURSUANT TO 28 U.S.C §§ 1332 AND 1441 (DIVERSITY)

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants THERMO FISHER SCIENTIFIC INC. ("Thermo Fisher") and THERMO ELECTRON NORTH AMERICA LLC ("Thermo Electron") hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446 and remove the above-entitled action to the United States District Court for the Southern District (the "District Court") from the Superior Court of the State of California in and for the County of San Diego (the "Superior Court").

Pursuant to 28 U.S.C. Section 1446(d), the filing of the Notice of Removal with this Court together with filing a notice with the State Court, effectuates the removal of this action.

## I.   STATEMENT OF JURISDICTION

1. The District Court has original jurisdiction under Section 1332(a)(1), and this case may be removed pursuant to Section 1441, because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2. As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

## II.   PLEADINGS AND PROCESS

3. On November 5, 2024, Plaintiff filed a civil complaint against Defendants in the Superior Court of San Diego County entitled *Mark Dykstra v. Thermo Fisher Scientific Inc., et al.,* Case No. 24CU022266N (the "State Court Action"). A true and correct copy of the Complaint filed by Plaintiff in the State Court Action is attached to the Declaration of Adrienne L. Conrad ("Conrad Decl.") as **Exhibit "A".** Conrad Decl. ¶ 2. Defendants Thermo Fisher and Thermo Electron are the only named defendants in the State Court Action. No other party has been properly joined or served with the Complaint in the State Court Action. Conrad Decl. ¶ 3.

4. Thermo Electron was first served with a copy of the Summons, Complaint, and Civil Case Cover Sheet, in this action by delivery upon its authorized agent for service of process in California on November 14, 2024. Conrad Decl. ¶ 4. A true and correct copy of the Summons

and Civil Case Cover Sheet served on Thermo Electron are collectively attached as **Exhibit "B"** and incorporated by reference. *Id*. Thermo Fisher was first served with a copy of the Summons, Complaint, and Civil Case Cover Sheet, in this action by delivery upon its authorized agent for service of process in California on November 14, 2024. Conrad Decl. ¶ 5. A true and correct copy of the Summons and Civil Case Cover Sheet served on Thermo Electron are collectively attached as **Exhibit "C"** and incorporated by reference. *Id*.

5. On November 11, 2024 Thermo Fisher filed and served its Answer in the State Court Action. A true and correct copy of the Answer filed in the State Court Action is attached as **Exhibit "D"** and incorporated by reference.

6. As of the date of this Notice of Removal, the documents comprising Exhibits A through D filed concurrently herewith constitute all the pleadings that have been filed in the State Court Action. No further proceedings have been had in the state court as of the date of this Notice of Removal.

## III. REMOVAL IS TIMELY

7. Under 28 U.S.C. § 1446(b), a defendant has 30 days to File a Notice of Removal, measured from the date the defendant is served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

8. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendants filed this Notice within 30 days after November 14, 2024, which is the date Plaintiff served Defendants with the Complaint.

## IV. NOTICE TO ALL PARTIES AND STATE COURT

9. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of San Diego County. As also required by Section 1446(d), Defendants are serving Plaintiff, the only adverse party, and the Superior Court with this Notice of Removal, and will affirm such in a Declaration of Service. (Conrad Decl., ¶ 9.)

///

///

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA OF CALIFORNIA PURSUANT TO 28 U.S.C §§ 1332 AND 1441 (DIVERSITY)

## V. VENUE

10. This action was initially filed in the Superior Court in San Diego, which sits within the Southern Judicial District of California. 28 U.S.C. §§ 84(d) ("The Southern District comprises the counties of Imperial and San Diego. Court for the Southern District shall be held at San Diego."). Thus, for purposes of Removal, venue properly lies in this District Court. *See* 28 U.S.C. § 1446(a).

## VI. THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

11. The District Court has original jurisdiction over this action based on ordinary diversity of citizenship pursuant to 28 U.S.C. § 1332(a), which provides the district courts shall have original jurisdiction of all civil actions between citizens of different states wherein the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

### a. There is Complete Diversity Between Plaintiff and Defendants

12. Plaintiff has at all times relevant been a citizen of the State of California within the meaning of U.S.C. section 1332(a). For the purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

13. Plaintiff alleges that "Plaintiff is, and at all times mentioned herein was, an individual residing in the State of California, County of San Diego." Ex. A, ¶ 2. Because Plaintiff is domiciled in California, he is a citizen of California for diversity jurisdiction purposes.

14. A corporation is considered a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332 (c)(1). In *Hertz Corp v. Friend*, 559 U.S. 77 (2010), the United States Supreme Court recognized and adopted the "nerve-center" test to determine the state in which a corporation has its principal place of business. *Id.* at 93. Under the "nerve-center" test, the principal place of business refers to the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93.

15. Thermo Fisher is incorporated in the State of Delaware and has its principal place of business in Massachusetts.

16. "When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestream Brands, Inc.*, 851 F.3d 1218, 1220-21 (11th Cir. 2017).

17. Defendant Thermo Electron is a Limited Liability Company organized in the State of Delaware. Thermo Electron North America LLC has one member, Thermo Fisher Scientific West Palm Holdings LLC, which was also organized in the State of Delaware.

18. Thermo Electron is a citizen of the State of Delaware. Thermo Fisher is a citizen of the State of Delaware and the Commonwealth of Massachusetts. Neither Defendant is a citizen of California, like Plaintiff. Accordingly, there is complete diversity between Plaintiff and Defendants. Based on the foregoing, this action is one between "citizens of different States" in accordance with Section 1332(a).

**b.   Plaintiff's Complaint Places More Than $75,000 in Controversy.**

19. In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

20. When the allegations in a complaint do not establish the amount in controversy, a removing defendant can do so by "provid[ing] evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.*; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum" in any case in which "the plaintiff does not plead a specific amount in controversy."); *Steele v. Grainger, Inc.*, 2013 U.S. Dist. LEXIS 81381, at *14 (S.D. Cal. June 10, 2013) (noting that "a plaintiff cannot . . . lower the amount of monetary relief requested in an attempt to evade federal jurisdiction").

21. Courts "must assume that the allegations of the complaint are true and that a jury [will] return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).[1] The ultimate inquiry is what amount is placed "in controversy" by the Complaint and not the amount that a defendant would owe if the plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (2010); s*ee also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy."). The "amount in controversy is simply an estimate of the total amount in dispute." *Lewis*, 627 F.3d at 400.

22. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56.

23. Although the Complaint does not specify the dollar amount of damages being sought, Defendants have a reasonable good faith belief that Plaintiff seeks damages in excess of $75,000 and the jurisdictional requirements of this Court for the following reasons:

    a. Plaintiff claims that as a result of Defendants' actions, he has suffered damages, including lost wages, compensatory damages, and attorneys' fees.

    b. Plaintiff's annual salary was $216,367.00, as a Band 10 employee in the role of Senior Director of E-Business Marketing at the time his employment with Thermo Fisher was terminated on or about May 3, 2023. Conrad Decl., ¶ 8. It has been approximately 19 months since Plaintiff was terminated. Based Plaintiff's previous salary, Defendants have a reasonable good faith belief that Plaintiff is seeking damages in excess of $75,000.

24. Attorneys' fees may be taken into account to determine jurisdictional amount. *Goldberg v. CPC Int'l, Inc.* (9th Cir. 1982) 678 F.2d 1365, 1367, cert. denied, 459 U.S. 945. Plaintiff's

---

[1] By demonstrating the basis for the District Court's original jurisdiction under the diversity statute, Defendants in no way concede that Plaintiff's claims are valid or that he is entitled to recover anything from Defendants.

6

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA OF CALIFORNIA PURSUANT TO 28 U.S.C §§ 1332 AND 1441 (DIVERSITY)

reasonable attorney's fees are recoverable for a violation of Labor Code section 1102.5. Cal. Lab. Code § 1102.5(j). Attorney's fees in individual employment cases often exceed damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). Accordingly, it is reasonable to consider Plaintiff's attorney's fees amounting to at least $75,000 through trial for purposes of calculating the amount in controversy in this action.

25. Ultimately, the evidence and allegations demonstrate that Plaintiff seeks damages in excess of $75,000, the jurisdictional requirement of this Court as Plaintiff seeks to recover lost wages and compensatory damages. Moreover, the attorney's fees incurred through trial will very likely exceed $75,000.

26. Thus, this civil action may be removed to the District Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1332, 1348, 1441 *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth in paragraphs 22 through 281 above, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

27. This Notice of Removal is filed within thirty (30) days after Defendants were properly served with a copy of the Summons and Complaint in this case and within one year after the state court action was filed. (Conrad Decl., ¶¶ 4-5; and Exhibits A-C.) This Notice therefore is filed within the time period provided by 28 U.S.C. § 1446(b).

28. **CONCLUSION**

Based on the foregoing, Defendants respectfully request that this action be removed to this Court.

DATED:  December 13, 2024                    JACKSON LEWIS P.C.

By: /s/ Adrienne L. Conrad
    Adrienne L. Conrad
    James E. Pilley
    Attorneys for Defendants
    THERMO FISHER SCIENTIFIC INC. and
    THERMO ELECTRON NORTH AMERICA

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on December 13, 2024, on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


Dated: December 13, 2024          /s/ Adrienne L. Conrad
                                  Adrienne L. Conrad

4933-0249-2165, v. 1

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA OF CALIFORNIA PURSUANT TO 28 U.S.C §§ 1332 AND 1441 (DIVERSITY)