**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK DYKSTRA,<br><br>        Plaintiff,<br><br>v.<br><br>THERMO FISHER SCIENTIFIC, INC., THERMO ELECTRON NORTH AMERICA, LLC, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: 3:24-cv-02335-H-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO STAY PENDING ARBITRATION; AND**<br><br>**(2) VACATING TELEPHONIC STATUS CONFERENCE**<br><br>[Doc. No. 6] |

On November 5, 2024, Plaintiff Mark Dykstra filed a complaint against Defendants Thermo Fisher Scientific, Inc. and Thermo Electron North America, LLC ("Defendants") in the Superior Court of California, County of San Diego, alleging a claim for wrongful termination in violation of public policy and several other claims. (Doc. No. 1-2, Compl.) On December 13, 2024, Defendants removed the action to the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1, Notice of Removal.) On December 17, 2024, Defendants filed an answer to Plaintiff's complaint. (Doc. No. 4.)

On February 5, 2025, the parties filed a joint motion requesting that: (1) the Court order the parties to binding arbitration as to all causes of action in the Plaintiff's complaint

1 pursuant to the terms of the parties' agreement; and (2) the Court stay the action pending
2 completion of the arbitration. (Doc. No. 6.) In the joint motion, the parties represent that:
3 "When the parties participated in the Rule 26(f) conference and discussed their initial
4 disclosures it was discovered that Plaintiff entered into an Arbitration Agreement . . . with
5 Defendants regarding his employment." (Doc. No. 6.) The parties attached the arbitration
6 agreement to their joint motion. (Id., Ex. A.) On February 24, 2025, the Court held a status
7 conference to discuss the joint motion. (Doc. No. 11.) During the status conference, the
8 parties represented that they would promptly initiate arbitration proceedings and expected
9 to have an arbitration date within 90 days. A telephonic status conference on the joint
10 motion is currently set for Monday, June 2, 2025 at 10:30 a.m. For the reasons below, the
11 Court grants the parties' joint motion to stay and vacates the telephonic status conference.

12     The Federal Arbitration Act ("FAA") permits "[a] party aggrieved by the alleged
13 failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration
14 [to] petition any United States district court . . . for an order directing that . . . arbitration
15 proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a
16 showing that a party has failed to comply with a valid arbitration agreement, the district
17 court must issue an order compelling arbitration. KPMG LLP v. Cocchi, 565 U.S. 18, 21
18 (2011). A party moving to compel arbitration must show "(1) the existence of a valid,
19 written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate
20 encompasses the dispute at issue." Ashbey v. Archstone Prop. Mgmt., Inc., 785 F.3d 1320,
21 1323 (9th Cir. 2015).

22     Here, the parties represent that they entered into an agreement to arbitrate "any
23 dispute arising out of or related to [Plaintiff's] employment with" Defendants. (Doc. No.
24 6, Ex. A.) Thus, because the parties both claim that a valid arbitration agreement exists
25 that covers the claims at issue in this action, the Court must compel Plaintiff to submit his
26 claims against Defendants to arbitration. See KPMG, 565 U.S. at 21.

27     The Court now turns to the parties' request to stay the action pending arbitration.
28 "When a district court finds that a lawsuit involves an arbitrable dispute, and a party

requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." Smith v. Spizzirri, 601 U.S. 472, 478 (2024).  Here, the parties represent in their joint motion that all of Plaintiff's claims in the complaint are covered by the arbitration agreement and jointly request a stay pending arbitration.  (See Doc. No. 6 at 2.)  Thus, the Court is compelled to stay this action.  Spizzirri, 601 U.S. at 478.

Accordingly, the Court grants the parties' joint motion and orders the parties to proceed to arbitration in accordance with the terms of their agreement.  The Court reserves the right to hold periodic status conferences to determine if the parties are diligently proceeding with the arbitration or for proper case management reasons.  The Court also reserves the right to lift the stay if the parties are not promptly proceeding to arbitration or for good cause.  With that, the Court stays this action pending the outcome of the arbitration and vacates the telephonic status conference.

**IT IS SO ORDERED.**

DATED: May 29, 2025

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT